**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4048**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MICHAEL SALISBURY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:15-cr-00621-GLR-1)

Submitted:  January 26, 2018                    Decided:  January 30, 2018

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Nancy S. Forster, FORSTER, JOHNSON & LECOMPTE, Baltimore, Maryland, for Appellant.  Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Salisbury pled guilty, pursuant to a written plea agreement, to two counts of production of child pornography, 18 U.S.C. § 2251(a) (2012), and was sentenced to a total term of 60 years' imprisonment, within the advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Salisbury was coerced by his attorney into pleading guilty. Salisbury has filed a pro se supplemental brief raising two claims: that his sentence on the two counts violates Double Jeopardy, and that his conviction "per the plea" violates the "Grand Jury Clause." The Government has moved to dismiss the appeal based on the appeal waiver in the plea agreement. We grant the motion in part, dismiss the appeal in part, and affirm in part.

Once an appeal waiver is invoked by the Government, "[w]e review the validity of [the] waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances," which includes "the background, experience, and conduct of the accused." *Id.* (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is

2

valid." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). Our review of the record confirms that, under the totality of the circumstances, Salisbury's waiver of his appellate rights was knowing and voluntary and, therefore, the waiver is valid and enforceable with respect to the claims raised by Salisbury in his supplemental informal. Although Salisbury's ineffective assistance claim may not be waived, *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005), it is not cognizable on direct appeal "[b]ecause there is no conclusive evidence of ineffective assistance on the face of this record." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Therefore, any such claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.*

In accordance with *Anders*, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. To the extent Salisbury's and counsel's claims are within the scope of the valid and enforceable appeal waiver, we grant the Government's motion to dismiss the appeal. We otherwise affirm the district court's judgment.

This court requires that counsel inform Salisbury, in writing, of the right to petition the Supreme Court of the United States for further review. If Salisbury requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Salisbury. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*